```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON


STEPHEN B. MARSDEN,

        Plaintiff,

v.                                  CASE NO. 2:07-cv-00678

ARNETT & FOSTER, P.L.L.C.,

        Defendant.
```

## MEMORANDUM OPINION AND ORDER

Pending before the court are three motions relating to documents distributed or filed by Plaintiff.  During the course of this and a related case pending in the Circuit Court of Kanawha County, West Virginia (<u>Marsden v. Arnett & Foster, PLLC</u>, Civil Action No. 08-C-913) before the Hon. Louis Bloom, Defendant learned that Plaintiff's then-wife, Rebecca Marsden, while employed by Defendant, copied various electronic files from Defendant's computer network.  The files were copied to the Marsdens' home computer.  Plaintiff then created a website concerning the cases involving Defendant and uploaded some of the electronic files to the website.  Defendant sought an injunction in Circuit Court. Plaintiff is a party in both cases.

The Circuit Court entered an order of preliminary injunction which provides, in pertinent part, as follows:

> Accordingly, consistent with the prior agreement of
> counsel, and the findings of this Court, this Court

```
ORDERS:
    a.   That effective immediately [September 17,
    2008], the parties to this action . . . shall not
    disseminate or otherwise release and/or disclose,
    other than within the defined parameters of this
    litigation, any information and/or files that
    Plaintiff [Rebecca Marsden] has admitted were
    downloaded and removed from Arnett & Foster;
                        * * *
    e.   That Mr. Marsden is enjoined from taking the
    materials that he is now being ordered to remove
    from the "arnettandfoster.info" website and
    transferring or otherwise copying and/or
    downloading the same to another website(s) or other
    publicly disseminated medium, or from taking any
    steps which would transfer or copy the materials to
    individuals and entities who are outside this
    litigation (namely, anyone who is not a litigant in
    this action, counsel for a litigant in this action,
    retained experts in this action, or this Court); .
    . . .
```

(# 89-2, at 4-5.)

The first motion is Defendant's motion to strike and motion to place under seal Plaintiff's surrebuttal of response, etc. (docket # 79). Plaintiff's surrebuttal was served on defense counsel and mailed to chambers, but it was not filed with the Clerk. Accordingly, it is hereby **ORDERED** that Defendant's motion to strike and motion to place under seal (# 79) is denied as moot.

The second motion is Defendant's motion to place under seal and to strike Plaintiff's first response to Defendant's motion for summary judgment (# 87). By Order entered May 27, 2009 (# 88), the court directed that the parties submit additional briefing on the issue of striking or sealing the response, and gave Plaintiff the opportunity to file another response which would not contain the

offending material.  Defendant filed its memorandum, addressing the issues of striking and sealing (# 89).  Plaintiff took advantage of the opportunity to file another response, noting that he "has no objections to the Defendant's Motion to Strike the earlier Rebuttal [sic; response]."  (# 90, at 1.)

Plaintiff's second response (# 90) is no less offensive to Defendant, and Defendant renewed its motion to place under seal and to strike the new response (# 93), which is the third motion before the court.  The reasons given by Defendant for striking Plaintiff's second response are that (1) Plaintiff's response (# 90) includes "vicious personal attacks against individuals who are not parties to this litigation" and (2) it discusses materials subject to an injunction entered by the Circuit Court of Kanawha County, West Virginia.  (# 93, at 1.)  Because the motion renews the prior motion to strike and to seal, the court will consider the arguments made by Defendant in both motions.  Plaintiff did not file a response to either motion.

## Motion to Strike

Rule 12(f), *Fed. R. Civ. P.*, provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act: . . . (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading."  A "pleading" is defined in Rule

7 and does not include a response to a motion for summary judgment. A motion to strike is generally viewed with disfavor, as "it is a drastic remedy." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993). While some courts have broadened the scope of the Rule to documents which are not "pleadings," the undersigned is reluctant to do so. The reliable Wright & Miller treatise advises that motions to strike impertinent or scandalous matters

> should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.

5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004).

### "Attacks" on non-parties

The first "attack" which Plaintiff made on a non-party was to assert that a notary public notarized a document when her commission had expired. This allegation was made in his first response and was not repeated in his second response and the court deems it to be withdrawn.

Plaintiff's other "attacks" on non-parties concern various members of Defendant, asserting that they are racists and that they electronically shared racist and pornographic materials through Defendant's computer network. Defendant complains that Plaintiff has also alleged that members of Defendant threatened Plaintiff and

4

trumped up baseless charges against him. Finally, Defendant alleges that Plaintiff has charged that defense counsel has misrepresented facts to witnesses and bullied Plaintiff.

Notably absent from Defendant's complaints about Plaintiff's use of the downloaded materials is a denial that the materials were on Defendant's computer network. The materials are not trade secrets, private financial information, or otherwise subject to special considerations. Rather, the materials are the type of "humor" and sexually oriented photos and comments which routinely circulate on the internet. Given that this is a case in which Plaintiff alleges that Defendant discriminated against him on the basis of his race, the materials may have probative value as to the credibility of Defendant's members. If this case were to go to trial, the materials may be admissible.

<u>Violation of Circuit Court injunction</u>

As noted above, Plaintiff is a party in an action pending in the Circuit Court of Kanawha County, West Virginia. Defendant argues that Plaintiff's use of some of the downloaded materials in this litigation constitutes a violation of the preliminary injunction.

The undersigned has the highest regard for Judge Bloom's order of preliminary injunction. Plaintiff's actions which may be in violation of that order are both disrespectful and foolish; he may be subject to contempt sanctions. Nonetheless enforcement of the

5

order must be conducted in proceedings before Judge Bloom, not this court.

Based on the foregoing, it is hereby **ORDERED** that Defendant's motions to strike (## 87 and 93) are denied.

### Motion to Seal

In general, sealing of documents is disfavored, and should be done only "in exceptional circumstances."  LR Civ P 26.4(b)(1). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment.  Stone v. University of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (Stone I)."  Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004).

> When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements. Rushford [v. New Yorker Magazine, Inc.,] 846 F.2d [249], 253 [(4th Cir. 1988)].  As to the substance, the district court first "must determine the source of the right of access with respect to each document," because "[o]nly then can it accurately weigh the competing interests at stake."

Stone I, 855 F.2d at 181.

> A district court must then weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternative to sealing.

Id., at 576.  Our Local Rules require the filing of a memorandum of

6

law which contains:

> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;
> (B) the requested duration of the proposed seal; and
> (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our court of appeals.

LR Civ P 26.4(b)(2).

Defendant argues that its request to seal Plaintiff's responses is supported by the Full Faith and Credit clause of the Constitution and 28 U.S.C. § 1738. (# 89, at 12-15.) It relies on the order of preliminary injunction entered by Judge Bloom. Defendant further contends that Plaintiff's response and its attachments seek to "promote public scandals." Id. at 16-17.)

Defendant's argument regarding the content of the offending documents is as follows:

> In the present instance, it is not the public seeking access to the information for improper purposes. It is Plaintiff seeking to inject information into the public record to "promote public scandals" - information that he has been expressly enjoined by Court Order from disclosing. The Injunction Order makes clear these materials are not part of the public record and should not be. The Circuit Court of Kanawha County recognized that there is no less restrictive option available regarding these materials, because Plaintiff demonstrated with his website (and continues to demonstrate with his written submissions to this Court) that he will not otherwise respect those competing interests.
>
> Plaintiff will continue his efforts to violate the Injunction Order, ignoring the predicate agreement by the parties to that action, including Plaintiff who was represented by two attorneys at the time, "that the materials that had been removed from the Arnett & Foster

>    computer network would not be disseminated, released or disclosed to other persons or entities outside of this [the State Court] litigation." It is imperative that this Court honor the Injunction Order. Plaintiff's discussion of those materials in his *Response* is meant to demonstrate contempt for the Circuit Court of Kanawha County and to harass Arnett & Foster and its witnesses.

(# 89, at 16-17.)

There are two sources of the right of access with respect to Plaintiff's response and its attachments: (1) the common law presumption of a right to inspect and copy all judicial records and documents, as stated in Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978); and (2) the First Amendment guarantee of access to particular judicial records and documents, notably documents submitted as part of motions for summary judgment, as discussed in Rushford v. The New Yorker Magazine, 846 F.2d 249, 252 (4th Cir. 1988). The common law presumption of access can be rebutted "if countervailing interests heavily outweigh the public interests in access." 846 F.2d at 253.

>    Under the First Amendment, on the other hand, the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest. [Citations omitted concerning criminal cases.] We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case. [Citations omitted.] Therefore, to limit The Washington Post's access to the documents submitted in connection with the summary judgment motion, there must be a showing, in the first instance by the district court, that the denial serves an important governmental interest and that there is no less restrictive way to serve that governmental interest.

Id.

The court finds that Plaintiff's responses and their attachments were filed in opposition to Defendant's motion for summary judgment and thus are entitled to consideration under the First Amendment standard. Accordingly, denial of access must be necessitated by a compelling government interest.

Defendant's claim that sealing is necessary due to a compelling government interest is based on the respect to which Judge Bloom's order is entitled. However, a fundamental requirement of the Full Faith and Credit Clause is that the State court judgment must be final. Judge Bloom's order is a *preliminary* injunction, and is not a final order. Baker v. General Motors Corp., 522 U.S. 222, 233 (1998) ("A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition through the land"); Stinson v. Hance, No. 01-cv-6638 (HBP), 2002 WL 31834464 (S.D.N.Y. Dec. 17, 2002) ("both the Full Faith and Credit Clause and Section 1738 require that full faith and credit be given only to a *final* judgment").

The court finds that the important governmental interest offered by Defendant, the Full Faith and Credit Clause, does not necessitate sealing because Judge Bloom's preliminary injunction is not a final order. Thus Defendant has failed to show a compelling government interest, and it is not necessary to address the procedural requirements.

It is hereby **ORDERED** that Defendant's motions to seal (## 87 and 93) are denied.  The parties will bear their own costs.

The Clerk is directed to transmit this Memorandum Opinion and Order to Plaintiff and to counsel of record.

ENTER:  October 7, 2009

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge